UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael O. Brown, *aka Michael O'Shea Brown,* | ) ) ) | C/A No. 8:09-2160-CMC-BHH |
| Plaintiff, | ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| Jay Lemacks; Dawn Parish; South Carolina Department of Probation, Parole and Pardon Services; Colleton County Jail; Colleton County Sheriff Department, | ) ) ) ) | FOR PARTIAL DISMISSAL |
| Defendants. | ) ) | |

This civil rights action was transferred to this Court from the United States District Court for the District of Columbia. The plaintiff, Michael O. Brown ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint concerns Plaintiff's arrest and criminal prosecution in state court, and seeks monetary damages. The following defendants should be dismissed as parties in this case: South Carolina Department of Probation, Parole and Pardon Services; Colleton County Jail; and Colleton County Sheriff's Department.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v.*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

The complaint names the Colleton County Jail (Detention Center) as a defendant. In a § 1983 civil rights action, a plaintiff must sufficiently allege injury by "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting "under color of state law." 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961). A defendant in a § 1983 action must qualify as a "person." The Colleton County Jail (Detention Center) is a group of buildings or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. Hence, the Colleton County Jail (Detention Center) is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). The Defendant Colleton County Jail (Detention Center) is not a "person" subject to liability under § 1983. The pleadings fail to state a claim against Defendant Colleton County Jail (Detention Center) and this defendant should be dismissed as a party defendant in this action.

The complaint also appears to name the South Carolina Department of Probation, Parole and Pardon Services, a state agency, as a defendant. State agencies are immune from suit under 42 U.S.C. § 1983. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of

South Carolina or its integral parts, such as a state agency or department.  The Eleventh

Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); and *Pennhurst State School*

*& Hospital v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh

Amendment only forbids suits by citizens of other States against a State, Eleventh

Amendment bars suits against a State filed by its own citizens).  Under *Pennhurst State*

*School & Hospital v. Halderman*, 465 U.S. at 99 & n. 9, a State must expressly consent to

suit in a federal district court.  The State of South Carolina has not consented to suit in a

federal court. *See* South Carolina Tort Claims Act, § 15-78-20(e), South Carolina Code of

Laws (statute expressly provides that the State of South Carolina does not waive Eleventh

Amendment immunity, consents to suit only in a court of the State of South Carolina, and

does not consent to suit in a federal court or in a court of another State).  The defendant

South Carolina Department of Probation, Parole and Pardon Services is immune from suit

under § 1983 and should be dismissed as a party defendant in this action.

The complaint has also been construed to name the Colleton County Sheriff's

Department as a defendant.  In South Carolina, a sheriff's department is an agency of the

state, not a department under the control of the county.  *Gulledge v. Smart*, 691 F. Supp.

947, 954-55 (D.S.C. 1988)(discussing sheriff as agent and alter ego of state and that

deputy sheriffs act as the sheriff's agent), *aff'd*, 878 F.2d 379 (4th Cir. 1989); *Carroll v.*

*Greenville County Sheriff's Dep't,* 871 F. Supp. 844, 846 (D.S.C. 1994)  (suit against the

sheriff's office is suit against the state). As an agency of the state, the Colleton County Sheriff's Department is immune from suit under the Eleventh Amendment, as discussed above. *Stewart v. Beaufort County*, 481 F.Supp.2d. 483, 492 (D.S.C. 2007)("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity."). The Defendant Colleton County Sheriff's Department should be dismissed as a party defendant in this action.

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the following defendants as parties to this action: South Carolina Department of Probation, Parole and Pardon Services; Colleton County Jail; and Colleton County Sheriff's Department. The remaining Defendants Parish and Lemacks will be served with process.

s/Bruce Howe Hendricks
United States Magistrate Judge

September 28, 2009
Greenville, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).