IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael O'Shea Brown, | ) |
| | ) Civil Action No. 8:09-2160-CMC-BHH |
| Plaintiff, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Jay Lemacks and Dawn Parrish, | ) |
| | ) |
| Defendants. | ) |

The Plaintiff, proceeding *pro se*, has filed this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights have been violated. This matter is before the Court on the Defendants' Motion for Summary Judgment (Dkt. # 27.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under § 1983, and submit findings and recommendations to the District Court.

The Plaintiff brought this action on June 25, 2009, seeking damages for alleged civil rights violations.[1] (Dkt. # 1 - Compl. at 1.) On December 4, 2009, the Defendants filed a motion for summary judgment. (Dkt. # 27.) By order filed December 7, 2009,

---

[1]This case was transferred to the this district by United States District Court for the District of Columbia in an order filed July 16, 2009. (Dkt. # 3 - Transfer Order.) It appears the complaint was originally received by the District Court in the District of Columbia on June 25, 2009, but not filed until July 16, 2009. (Compl. at 1.) The undersigned is using June 25, 2009, as the date of filing.

pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. # 28.) On February 16, 2010, the Plaintiff filed a response opposing the Defendant's Summary Judgment Motion (Dkt. # 33.)

## **FACTS PRESENTED**

In his Complaint, the Plaintiff alleges that on August 1, 2002, he was arrested pursuant to "an old warrant from 1994 that was not relevant to anything." (Dkt. # 1 - Compl. at 1-2.) He states that he filed over twenty-five requests with the Colleton County Jail staff letting them know that he was being held illegally against his will. *Id.* He alleges that after five months, he was brought before a judge and that the Defendant Jay Lemacks sought to have the judge order the Plaintiff's release, but the judge refused. After another five or six months, he alleges he was brought before a new judge and a new young solicitor and was assigned a new public defender. (Compl. 2-3.) He alleges the Defendant Dawn Parrish told the judge that the Plaintiff had told her that he could not stand trial because of his mental condition. (Compl. at 3.) He alleges that he never talked to the Defendant Parrish and that she was aware that the Plaintiff had been locked up without authorization. The Plaintiff states that he stayed locked up under the most inhumane conditions one could imagine for 249 days. *Id.* The Plaintiff alleges that this experience has hurt him in ways that he will not try and express right now, and he is seeking $150,000 in damages. (Compl. at 4.)

The Defendants have filed affidavits and supporting documents which provide additional background information regarding the Plaintiff's incarceration. (See Defs.' Mem. Supp. Summ. J. Mot. - Lemack's Aff. and Attachs.) On November 2, 1999, the Plaintiff pled guilty to forgery and was sentenced to five years, suspended on the payment of a fine and five years probation. (Lemacks' Aff. ¶ 6.) On October 16, 2001, an arrest warrant was issued for the Plaintiff for violating the terms and conditions of his probation. (*Id.* ¶ 8.) On June 2, 2002, the Plaintiff was arrested on a criminal domestic violence charge. (*Id.* ¶ 9.) On August 1, 2002, the Plaintiff's bond was revoked on the original probation warrant and the Plaintiff was ordered to undergo a mental health evaluation. (Pl's. Mem. Opp. Summ. J. Mot. Attach.) The Plaintiff was released from custody on August 10, 2002. (Lemacks' Aff. ¶ 11.)

On August 23, 2002, another arrest warrant was issued and served on the Plaintiff for again violating the terms and conditions of his probation. (*Id.* ¶ 12.) On September 25, 2002, a circuit court judge ordered that the Plaintiff undergo a mental evaluation. (Leamck's Aff. ¶ 13.) On December 12, 2002, the Plaintiff underwent an evaluation to determine if he had the mental capacity to stand trial. (*Id.* ¶ 14.) On April 23, 2003, a forensic psychiatrist reported to the court that the Plaintiff was competent. (Parrish Aff. - Attach. C.) On April 28, 2003, the state circuit court found that the Plaintiff had willfully violated the terms and conditions of probation and sentenced him to time served or 249

days. (Lemack's Aff. ¶ 15.) The Plaintiff was subsequently released from the Colleton County Jail on April 28, 2003. *Id.*

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

4

U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

In his Complaint, the Plaintiff appears to be alleging a claim of malicious prosecution relating to his probation revocation in August 2002 and subsequent imprisonment for 249 days However, this claim is barred because such a right of action has not yet accrued.

When a state prisoner seeks damages in a § 1983 suit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his state-court conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck v. Humphrey,* 512 U.S. 477, 486-87; *Wilson v. Johnson,* 535 F.3d 262 (4th Cir. 2008). In *Heck*, the Supreme Court held that until a plaintiff's sentence and conviction are

set aside, any civil rights action based on the conviction, sentence, direct appeal, and related matters will be barred. 512 U.S. at 484. The Supreme Court's ruling in *Heck* also applies to probation and parole violation proceedings. *McGrew v. Texas Bd. Of Pardons & Paroles,* 47 F.3d 158, 161 (5th Cir.1995) (finding that an action challenging validity of probation revocation proceedings calls into question the fact of confinement and thus is subject to *Heck* ).

Here, the Plaintiff is clearly implying the invalidity of his confinement. Because the Plaintiff's parole revocation has not been set aside or otherwise invalidated and because the Plaintiff's allegations, if true, would necessarily invalidate his parole revocation, he cannot sue any of the Defendants because of their involvement in his parole revocation. Therefore, the Plaintiff's § 1983 claims against the Defendants are not cognizable pursuant to *Heck* and should be dismissed. [2]

Additionally, the undersigned notes that to the extent that the Plaintiff is attempting to allege claims relating to the conditions of the jail, these claims should also be dismissed. First, there is no allegation nor evidence that the Defendants Lemacks and Parrish had any control over the Colleton County Jail and the conditions therein. Furthermore, the

---

[2]Although the Defendants raise the statute of limitations as a defense, the undersigned has not addressed this issue because caselaw holds that the Plaintiff's § 1983 claim accrues only after the Plaintiff's conviction or sentence is invalidated which has not occurred in this case. *See e.g. Brooks v. City of Winston-Salem,* 85 F.3d 178, 184 (4th Cir.1996)(citing *Heck,* 512 U.S. at 483)(holding that "because § 1983 actions seeking damages for unconstitutional arrest or confinement imposed pursuant to legal process -claims most analogous to the common-law tort of malicious prosecution-must allege and prove a termination of the criminal proceedings favorable to the accused, such claims do not accrue until a favorable termination is obtained.")

conclusory allegations contained in the Complaint about the general conditions of the Plaintiff's confinement are not in and of themselves sufficient to maintain a constitutional claim. *Ross*, 759 F.2d at 365 (holding that unsupported allegations "do not confer talismanic immunity from Rule 56"). Accordingly, any such claims should be dismissed.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. # 27) be GRANTED; and the complaint DISMISSED without prejudice.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

April 28, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**