IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Michael O'Shea Brown, ) | C/A NO. 8:09-2160-CMC-BHH |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Jay Lemacks and Dawn Parish, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On April 28, 2010, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted and this matter dismissed without prejudice. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections to the Report and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge.

Liberally construed, Plaintiff's case raises constitutional claims relating to his arrest and confinement. To the extent that Plaintiff raises § 1983 claims contending a violation of the Fourth Amendment analogous to a false arrest claim, such claim would be barred by the statute of limitations. Additionally, allegations regarding conditions of confinement are barred in this action, as these Defendants could not be liable under § 1983 for any confinement conditions. Therefore, Defendants are entitled to summary judgment as to these claims and they are dismissed with prejudice.

To the extent Plaintiff raises a constitutional claim analogous to that of malicious prosecution, the Magistrate Judge is correct that such a claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Therefore, for the reasons stated by the Magistrate Judge, this claim is dismissed without prejudice.

Defendants' motion for summary judgment is **granted in part and denied in part**. Plaintiff's claims relating to his arrest and confinement are dismissed **with prejudice**. Plaintiff's Fourth Amendment claim, construed as analogous to a malicious prosecution claim, is dismissed **without prejudice**.

**IT IS SO ORDERED.**

                                                      s/ Cameron McGowan Currie
                                                    CAMERON McGOWAN CURRIE
                                                    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 27, 2010

C:\Documents and Settings\nac60\Desktop\09-2160 order.wpd